Filed 10/16/15  P. v. Inga CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D067716 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD236182) |
| FRANK WILLIAM INGA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Leo Valentine, Jr., Judge.  Affirmed.

Allison H. Ting, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

INTRODUCTION AND BACKGROUND

A jury found Frank William Inga guilty of two counts of oral copulation with a child 10 years old or younger (Pen. Code, § 288.7, subd. (b); counts 1 & 2),[1] one count of

---

[1]     Further statutory references are to the Penal Code unless otherwise indicated.

forcible lewd act upon a child under the age of 14 (§ 288, subd. (b)(1); count 3), and two counts of committing a lewd act upon a child (§ 288, subd. (a); counts 4 & 5). The jury found true allegations Inga engaged in substantial sexual contact with a child under the age of 14 in committing the crimes charged in counts 4 and 5 (§ 1203.066, subd. (a)(8)).

In Inga's prior appeal (*People v. Inga* (May 15, 2014, D063729) [nonpub. opn.]), we conditionally reversed the judgment and remanded the matter to the trial court with directions to exercise its discretion in accordance with *People v. Munoz* (2006) 138 Cal.App.4th 860, 869 when considering Inga's request to relieve retained counsel and to appoint new counsel. On remand, the court granted the motion to relieve Inga's retained counsel and appointed new counsel to investigate whether a new trial motion should be filed based on an allegation of ineffective assistance of counsel. Thereafter, newly appointed counsel informed the trial court he did not find a legal basis to file a motion for new trial.

At the resentencing hearing, the court denied defense counsel's request for concurrent sentencing for the determinate terms imposed for counts 3 through 5. The court sentenced Inga to a determinate term of 12 years, based on the middle term of eight years for count 3 plus two consecutive two-year terms (each one-third of the middle term) for counts 4 and 5, plus indeterminate terms of 15 years to life for counts 1 and 2 to run concurrently. Inga received credits of 1,303 actual days plus 123 days of local conduct credits (§ 2933.1) for a total of 1,426 days. The court imposed a restitution fine of $10,000 (§ 1202.4, subd. (b)); an additional restitution fine of $10,000, which is suspended unless parole is revoked (§ 1202.45); a court security fee of $200 (§ 1465.8,

2

subd. (a)(1) [$40 per conviction]); an immediate critical needs fee of $150 (Gov. Code, § 70373 [$30 per misdemeanor or felony conviction]); a criminal justice administration fee of $154 (Gov. Code, § 29550.1); and victim restitution of $729 (§ 1202.4, subd. (f)).

DISCUSSION

Inga appeals. His appointed appellate counsel filed a brief requesting we independently review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436, 441-442.) To aid our review, counsel identified four possible issues (see *Anders v. California* (1967) 386 U.S. 738, 744): (1) whether Inga received effective assistance of counsel at the remanded proceedings, (2) whether the trial court abused its discretion in denying Inga's motion to impose the determinate sentence concurrently rather than consecutively to the indeterminate sentence, (3) whether Inga's custody credits were calculated correctly, and (4) whether there were any errors in the imposition of fines and fees.

We granted Inga permission to file a supplemental brief on his own behalf. He submitted a letter brief contending he should be granted a retrial and a new attorney because, "my lawyer [did not] bring forth certain issues pertaining to [two] jurors on my sentencing[.] One … saw me in handcuffs. [T]he other juror … left crying." He also contends his lawyer gave him ineffective legal counsel and refused or failed to call Inga's witnesses or videos. "He didn't argue any arguments on my behalf[.] Didn't confront/call [the minor] to the stand once [the minor's] story changed."

Inga's "assertions concerning facts that were not presented to the jury are not part of the appellate record and hence cannot be reviewed on the record before us." (*People v.*

3

*Kelly* (2006) 40 Cal.4th 106, 126.)  Similarly, to the extent Inga alleges bias on the part of the jurors, it is not supported by the appellate record before us.  (*Ibid*.)  To the extent Inga's contentions allege ineffective assistance of counsel, this claim cannot be resolved on the present record.  (*Ibid.*, citing *People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266-267 [claim of ineffective assistance of counsel based on extra-record evidence should be decided in a habeas corpus proceeding rather than on direct appeal].)  After independently reviewing the record for error and considering appellate counsel's and Inga's briefs, we were unable to identify any reasonably arguable appellate issue and affirm the judgment.  Inga was competently represented in this appeal.

## DISPOSITION

The judgment is affirmed.

McCONNELL, P. J.

WE CONCUR:

BENKE, J.

O'ROURKE, J.

4